Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL,<br><br>        Plaintiff,<br>vs.<br><br>REDLINE RECOVERY SERVICES LLC/PENTAGROUP FINANCIAL,<br><br>        Defendant. | Case No. **'13CV1151 L       NLS**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public

confidence essential to the continued functioning of a sound banking and credit system. The legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") against Redline Recovery Services LLC/Pentagroup Financial (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq*. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, (hereinafter "TCPA")[3] which prohibits the making of unconsented to phone calls to cell phones.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

5. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and TCPA.

6. Jurisdiction arises pursuant to 28 U.S.C. §§ 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 *et seq*. and 28 U.S.C. § 1367 for supplemental state claims.

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act
[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

1  jurisdiction over Defendant for purposes of this action.

2      8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

4      9.    Plaintiff is a natural person residing in San Diego County, California.

5      10.    Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and allegedly owed to Discover Card. (hereinafter "Debt").

9      11.    Plaintiff is a "debtor" as that term is defined by Civil Code section 1788.2(h).

11      12.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

12      13.    Defendant Redline Recovery Services, LLC is a Texas limited liability company with its primary place of business located at 5959 Corporate Drive, Suite 1400, Houston, Texas, and is registered to do business in the State of California, and may be served through its registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

17      14.    Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

22      15.    Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in Civil Code section 1788.2(c).

## FACTUAL ALLEGATIONS

27      16.    Prior to November 12, 2012, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the

1   debt is valid.

2   17.   Prior to November 12, 2012, the alleged debt was allegedly assigned,
3   placed or otherwise transferred to Defendant for collection. Plaintiff denies a valid
4   assignment took place.

5   18.   At various and multiple times prior to the filing of the instant complaint,
6   including within one (1) year preceding the filing of this complaint, Defendant contacted
7   Plaintiff in attempts to collect the debt as defined by § 1692a (5) of the FDCPA and the
8   consumer debt as defined by Civil Code section 1788.2(f) of the Rosenthal Act.

### Phone calls

10  19.   Beginning within four (4) years prior to the filing of this law suit, and on
11  multiple occasions since that time, Defendant contacted and/or attempted to contact
12  Plaintiff by phone calls.

13  20.   Defendant has constantly and continuously placed collection calls to
14  Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy,
15  abuse and/or harass him.

16  21.   These phone calls were communications within the meaning of § 1692a(2)
17  debt collections as defined in Civil Code section 1788.2(b)

18  22.   Many of these phone calls were made to Plaintiff before 8 a.m., Plaintiff's
19  local standard time.

20  23.   By communicating with Plaintiff, as stated above, before 8:00 a.m. a
21  presumptively and actually inconvenient time per § 1692c(a)(1), Defendant violated
22  § 1692c(a)(1)

23  24.   By engaging in the foregoing conduct the natural consequence being
24  harassment and oppression of the Plaintiff in connection with the collection of a debt,
25  Defendant violated § 1692d.

### TCPA

27  25.   Defendant placed these calls to Plaintiff's cellular telephones via an
28  "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

26. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b) (1) (A).

27. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b) (1) (A) (i).

28. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

30. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

31. Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff was harmed by the acts of Defendant including but not limited to the following ways:

    (a) Defendant's calls to Plaintiff's cellular phone caused Plaintiff to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff previously paid,

    (b) Defendant's calls to Plaintiff in the early morning while he was still asleep repeatedly and continuously with the intent to annoy, abuse and/or harass caused stress, anxiety, loss of sleep and resulting overall diminished

abilities to carry on activities of daily living.

34.  As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

35.  As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Civil Code § 1788.17.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

36.  Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

37.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 *et seq*.

38.  As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendant.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

39.  Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

40.  Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendant's violations, as enumerated above, of the FDCPA.

41.  Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant's violations, as enumerated above, of the Rosenthal

Act.

42. Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

43. As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c), from the Defendant.

## THIRD CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

48. Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitute numerous and

multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

50.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated the TCPA;

(5) Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1) and Civil Code section 1788.30(a);

(6) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(7) Award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.17[4] ;

(8) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) and Civil Code section 1788.30(c);

(9) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

(10) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(11) Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

51.  Pursuant to the seventh amendment to the Constitution of the United States

---

[4] § 1692k(a)(2)(A) of the FDCPA

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated May 14, 2013

**Lester & Associates**
By    s/ Patric A. Lester
         Attorney for Plaintiff,
         E-mail: pl@lesterlaw.com